## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES F. MCGOWAN

        Plaintiff,

                                     CIVIL ACTION NO. 19 CV 625

v.

                                     Jury Trial Demanded

REGAL BELOIT AMERICA, INC.,

        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, James F. McGowan, by and through his attorneys, McDonald & Kloth, LLC, and as and for his cause of action against the Defendant, Regal Beloit America, Inc., alleges and shows to the court as follows:

### NATURE OF T HE ACTION

This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to the Plaintiff who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to Sections 703 and 704 Title VII, 42 USC §2000e-2 et seq.

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Western District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Western District of Wisconsin.

**PARTIES**

3.     The Plaintiff, James F. McGowan ("McGowan"), is an adult resident of the State of Wisconsin with a residence located at 1644 Franklin Street, Racine, WI 53403.

4.     The Defendant, Regal Beloit America, Inc. ("Regal"), is and was at all times material to this cause of action, a corporation doing substantial and not isolated business within the State of Wisconsin with a place of business located at 200 State Street, Racine, WI 53511.

**STATEMENT OF CLAIMS**

5.     McGowan has been employed with Regal since 1995 in the capacity of "Assembler C" position in the production department.

6.     In December, 2016, McGowan filed a complaint with the State of Wisconsin Department of Workforce Development, Equal Rights Division (Case No. CR201604753) , alleging that his former supervisor, Bruce Havrilak ("Havrilak"), discriminated against him in promotional opportunities based upon his race.

7.     Havrilak's employment with Regal ended in February, 2017.

8.     McGowan has reported directly to his supervisor, Chris Gahan ("Gahan"), and the Plant Manager, John Vermasal ("Vermasal")

9.     Since lodging his race discrimination complaint against, Regal has subjected McGowan to harassment based on race, discrimination based on race, and retaliation based on his opposition to discrimination in the workplace.

10.    On or about May 17, 2017, Gahan removed McGowan from the assembly bench on which he had worked for two (2) years and placed him on a bench assembling parts he had never assembled before. Regal did not provide McGowan with any training or instructions on the assembly at the new bench, and placed a Caucasian temporary worker at McGowan's former bench. Regal did not take the same action against any other

employee. McGowan lodged a complaint with Regal's human resources department concerning the disparate treatment.

11.    On or about July 25, 2017, Gahan criticized McGowan's performance without any reason to do so while not criticizing McGowans' Caucasian co-worker, Bonnie, who lied to Gahan about McGowan's performance.

12.    On or about August 10, 2017, Gahan issued a write-up for McGowan based on his production despite knowing that McGowan's production level was low because a Caucasian co-worker failed to perform his job by not bringing McGowan parts to build. On information and believe, the Caucasian co-worker was not disciplined or even questioned regarding this incident.

13.    On or about August 16, 2017, Vermasal conducted a disciplinary meeting with McGowan regarding his performance. Again, the performance issue was unfounded. Vermasal did not treat similarly situated employees who were non-Black and who had not opposed discrimination in the workplace in the same manner. McGowan requested a transfer to his former job to avoid any further harassment and discrimination.

14.    The following day McGowan complained to the human resources department about Gahan discriminating against him and harassing him.

15.    Around this same time, Gahan removed McGowan from his regular assembly bench and replaced him with a non-Black employee who had not opposed discrimination in the workplace.

16.    Gahan prohibited others from assisting McGowan on his bench while allowing others to assist non-Black employees who did not oppose discrimination in the workplace.

17.    In May, 2018, Kito Hughes ("Hughes"), former supervisor at Regal and an African American, stated that Regal's human resources representative referred to him and

3

Americans as "those people" in an email. Hughes further stated that Vermasal used him and other supervisors to harass employees.

18.   In April, 2018, Regal directed McGowan to work at a bench on which they knew he had prior issues. Regal did not direct a non-Black employee who has not opposed discrimination in the workplace to do the same.

19.   In April, 2018, Regal denied McGowan a pay raise for doing the same work a similarly situated employee not in McGowan's protected classes performed at a higher pay rate.

20.   Regal has subjected McGowan to a regime of harassment, discrimination, and retaliation based upon his race and opposition to discrimination in the workplace.

21.   Regal's unlawful actions constitute a continuing violation.

22.   The effect of the practices complained of in the foregoing paragraphs has been to deprive McGowan of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and opposition to discrimination in the workplace.

23.   The unlawful employment practices complained of in the foregoing paragraphs were intentional.

24.   The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to McGowan's federally protected rights.

25.   All conditions precedent for filing this lawsuit have been fulfilled.  Attached hereto and labeled as Exhibit A is a true and correct copy of the Right to Sue Letter issued by the Equal Employment Opportunity Commission.

## **PRAYER FOR RELIEF**

A.     Grant a permanent injunction against Regal and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race or opposition to conduct made unlawful by Title VII.

B.      Order Regal to institute and carry out policies, practices and programs which provide equal employment opportunities for all races and all persons who oppose conduct made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Regal to make whole McGowan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

D.      Order Regal to make whole McGowan by providing compensation for past and future nonpecuinary losses, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial.

E.      Order Regal to pay McGowan punitive damages for its malicious and reckless conduct, as described in the foregoing paragraphs in amounts to be determined at trial.

F.      Order Regal to compensate McGowan for the attorneys' fees and costs he's incurred as a result of brining this action.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, James F. McGowan, requests a jury trial on all questions of fact raised by this Complaint.

5

Dated on this 31ˢᵗ day of July, 2019.

MᴄDᴏɴᴀʟᴅ & Kʟᴏᴛʜ, ʟʟᴄ
Attorneys for Plaintiff


By:    s/Shannon D. McDonald
         Shannon D. McDonald
         WI State Bar No. 1036954
         Mᴄᴅᴏɴᴀʟᴅ & Kʟᴏᴛʜ, ʟʟᴄ
         N96 W18221 County Line Rd.
         Suite 200
         Menomonee Falls, WI 53051
         Direct: (262) 252-9123
         Office: (262) 252-9122
         Fax:    (414) 395-8773
         sdm@themklaw.com

6