IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES F. McGOWAN,

                              Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

REGAL BELOIT AMERICA, INC.　　　　　　　　　　19-cv-625-jdp

                              Defendant.

Plaintiff James F. McGowan is suing his employer, defendant Regal Beloit America, Inc., for subjecting him "to a regime of harassment, discrimination, and retaliation based upon his race and opposition to discrimination in the workplace," Dkt. 1, ¶ 20, in violation of Title VII of the Civil Rights Act. Regal moves for summary judgment. Dkt. 9.

Regal manufactures electric motors, mechanical and electrical motion controls, and power generation products. McGowan has worked for Regal since 1995 and is currently a "labor grade 5" in the assembly department. McGowan is African American.

In his complaint, McGowan identified the following discriminatory acts:

- In May 2017, McGowan's supervisor, Chris Gahan removed McGowan from the assembly bench on which he had worked for two years and placed him on a bench assembling parts he had never assembled before, without providing any training or instruction.

- In July 2017, Gahan criticized McGowan's performance without any reason.

- In August 2017, Gahan issued a "write-up" to McGowan for low production despite knowing that it was the fault of another employee.

- In August 2017, the plant manager, John Vermasal, reprimanded McGowan for an "unfounded" performance issue without reprimanding similarly situated employees who weren't Black.

- After McGowan complained to the human resources department about Gahan discriminating against him and harassing him, Gahan reassigned McGowan to a less desirable position and prohibited other employees from assisting him.

- In April 2018, Regal again reassigned to McGowan to an undesirable position and denied McGowan a pay raise that similarly situated employees had already received.

Regal contends in its motion for summary judgment that most of these claims are untimely. An employee must file an administrative complaint within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). McGowan filed an administrative complaint in July 2018, alleging that Regal retaliated against him for complaining about discrimination. Dkt. 12-1. In September 2018, he amended his administrative complaint to include a claim of race discrimination. Dkt. 12-2. So based on the original filing in July 2018, any claim arising out of conduct occurring before September 2017 would be untimely.

McGowan identified only two acts in his complaint that occurred in September 2017 or later: a reassignment and the denial of a pay raise in April 2018. During his deposition, McGowan clarified that he didn't specifically ask for a pay raise in 2018, but he complained that similarly situated employees were being paid more than him. Dkt. 12 (McGowan Dep. 132:15–19). Regal contends that the events in April 2018 don't qualify as a change in the terms or conditions of McGowan's employment, as required to support a claim under 42 U.S.C. § 2000e-2, and that McGowan hasn't adduced evidence that Regal's conduct was motivated by McGowan's race or any complaints McGowan made about discriminatory treatment.

In his opposition brief, McGowan doesn't respond to Regal's contentions that most of the claims in the complaint are time-barred and he doesn't specifically discuss the 2018 reassignment or pay disparity in his opposition brief, so those claims are forfeited. Instead, McGowan alleges that supervisors at the company used the n-word frequently. He also cites

2

declarations of coworkers, who allege that Regal supervisors treat Caucasian employees more favorably than African American employees. Dkt. 16, ¶ 8, and Dkt. 17, ¶ 7. They identify examples such as supervisors being "dismissive, disrespectful, and unkind" to McGowan and other African American employees, Dkt. 16, ¶ 5, and more closely monitoring Black employees, Dkt.17, ¶ 7. Finally, McGowan cites his own declaration in which he alleges that Regal has passed him over for "numerous" promotions in favor of non-Black employees who were less qualified, and treated him "much more negatively than Caucasian employees." Dkt. 18.

These allegations can't defeat Regal's motion for summary judgment, for multiple reasons. First, most of the allegations relate to claims that weren't included in McGowan's complaint. The complaint says nothing about use of the n-word, being denied a promotion, or being monitored more closely. A complaint alleging discrimination must identify the alleged discriminatory acts. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014). And it is well established that "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (internal quotation marks omitted).

Second, with the exception of McGowan's allegation that he was denied a promotion in 2019, McGowan doesn't provide dates for any of the alleged mistreatment, making it impossible to determine whether any of it falls within the 300-day limitations period. In his brief, McGowan contends that his hostile work environment claim is timely under the continuing violation doctrine, under which the court may consider older conduct that is part of the same hostile work environment, so long as the unlawful conduct "reached into the statutory period." *Milligan-Grimstad v. Stanley*, 877 F.3d 705, 712 (7th Cir. 2017). McGowan says that he "continues to experience the hostile work environment every day he goes to work

3

at Regal," Dkt. 14, at 9. But he doesn't identify any specific conduct that falls within the limitations period, so the hostile work environment claim fails.

Third, McGowan doesn't allege that anyone used a racial slur when speaking with him or that he was even aware before he filed this lawsuit of allegations about the use of racial slurs. "Perhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates." *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993). But the court of appeals has repeatedly rejected hostile work environment claims based on comments made outside the plaintiff's presence. *See, e.g., Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 545 (7th Cir. 2011); *Thompson v. Memorial Hosp. of Carbondale*, 625 F.3d 394, 401 (7th Cir. 2010); *Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005).

Fourth, McGowan's allegations of disparate treatment are too vague and conclusory to show a genuine dispute about discriminatory intent. McGowan and his witnesses speak of generalities without identifying specific instances of discriminatory conduct, other employees who received more favorable treatment, or the reasons why McGowan believes he was more qualified than other employees who received a promotion. At summary judgment, a plaintiff is required to support his claim with specific facts. General allegations of discrimination aren't enough. *See Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 991 (7th Cir. 2016) (allegations that defendant made "negative remarks" and "showed favoritism" not specific enough); *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004) (allegations that Black employees were treated "more harshly" not enough when plaintiff did "not set forth any of the times, dates or places" to support the allegations).

McGowan's claims are untimely and unsupported. The court will grant Regal's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Regal Beloit America, Inc.'s motion for summary judgment, Dkt. 9, is GRANTED. The clerk of court is directed to enter judgment in favor of Regal and close this case.

Entered September 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge